TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2015-SC-000020-KB

DENNIS MICHAEL RITCHIE                                    MOVANT

V.                              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                          RESPONDENT

## **OPINION AND ORDER**

Dennis Michael Ritchie, KBA Member No. 87106,[1] admits to violating the Kentucky Rules of Professional Conduct and moves this Court to issue an order permitting him to withdraw from the practice of law under terms of permanent disbarment under Supreme Court Rule (SCR) 3.480(3).[2] The KBA raises no objection to Ritchie's motion.

---

[1] Ritchie was admitted to the practice of law in Kentucky on April 27, 1998; and his bar roster address is 509 West 9th Street, P.O. Box 1111, Hopkinsville, Kentucky, 42241.

[2] SCR 3.480(3) provides, in pertinent part:

> Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership under terms of permanent disbarment shall file a verified motion with the Court stating as follows:
>
> (a)    He/she has violated the Rules of Professional Conduct, or his/her conduct fails to comply with those rules, the specifics of which shall be detailed in the motion.
>
> (b)    He/she will not seek reinstatement and understands the provisions of SCR 3.510 and SCR 3.520 do not apply.
>
> (c)    He/she will not practice law in the Commonwealth of Kentucky subsequent to the permanent disbarment order.

# I. BACKGROUND.

Tim and Kelly Robinson hired Ritchie to represent them to seek custody of Tim's son and paid Ritchie a $2,500 retainer. Tim died unexpectedly before Ritchie initiated the proceeding, and Kelly was left with no legal claim to custody of Tim's son. So Ritchie did not earn a fee in the matter but kept the full amount of the retainer, nonetheless.

Ritchie met with Kelly a month after Tim's death as she sought Ritchie's professional services to seek grandparent visitation with Tim's son on behalf of Tim's parents. Kelly paid Ritchie a separate retainer of $10,000 for this undertaking. During this meeting, Ritchie convinced Kelly to create an escrow account for the benefit of Tim's son because Tim had wanted to do this before he died. Kelly agreed and gave Ritchie a check for $50,000 for that purpose. Ritchie neither provided the professional services to seek grandparent visitation, nor did he deposit the $50,000 into an escrow account. Instead, Ritchie spent the $50,000 on himself and when confronted about the creation of the escrow account, borrowed money from friends and family to reimburse Kelly the $50,000.

The Inquiry Commission issued a three-count complaint against Ritchie in KBA file 21351 because of his dealings with the Robinsons. In Count One, the Commission charges Ritchie with a violation of SCR 3.130-1.15(a)[3] for

---

[3] SCR 3.130-1.15(a) provides in pertinent part:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or

2

failing to hold the $50,000 and the two retainers in an account separate from his own property. Count Two alleges Ritchie violated SCR 3.130-8.4(b)[4] by appropriating to his personal use the $50,000 intended for the creation of an escrow account. And Count Three alleges violation of SCR 3-130-8.4(c)[5] by charging fees for unnecessary and unperformed services and misappropriating the $50,000 meant to be held in escrow.

Ritchie pled guilty in a plea agreement reached in circuit court to two counts of second-degree possession of a forged instrument and five counts of theft by deception over $500. He then entered a pre-trial diversion agreement that required him to pay a total of $29,100 in restitution to four former clients at a rate of $100 per month.[6] This plea led to Ritchie's temporary suspension from the practice of law under SCR 3.165(1)(a)[7] and another Inquiry

---

elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. . . .

[4] SCR 3.130-8.4(b) provides: "It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

[5] SCR 3.130-8.4(c) provides: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

[6] Kelly Robinson is to be paid $12,500 in restitution for the two unearned retainers paid to Ritchie. The $50,000 was not included in the restitution order because it was repaid prior to Ritchie's guilty plea.

[7] SCR 3.165(1)(a) provides:

On petition of the Inquiry Commission, authorized by its Chair, or the Chair's lawyer member designee, and supported by an affidavit, an attorney may be temporarily suspended from the practice of law by order of the Court provided . . . it appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds[.]

Ritchie was temporarily suspended by order of this Court, entered May 23, 2013. He has not been reinstated from this temporary suspension.

3

Commission charge. KBA file 20807 charges Ritchie with an additional violation of 3.130-8.4(b) for pleading guilty to second-degree possession of a forged instrument and theft by deception over $500.

Nine more KBA disciplinary files, the substance of which are not presently before this Court, are currently pending against Ritchie.[8]

## II. DISCIPLINE.

Ritchie admits his conduct in the matters discussed above and concedes it violates the Kentucky Rules of Professional Conduct. He acknowledges the seriousness of his misconduct and the nine additional KBA disciplinary matters currently pending against him. So Ritchie moves this Court to allow his withdrawal from the practice of law under terms of permanent disbarment. With no objection from the KBA, we agree that Ritchie's motion to withdraw from the practice of law is appropriate under SCR 3.480(3). Accordingly, the Court ORDERS:

1)      Dennis Michael Ritchie is permanently disbarred from the practice of law, and the reinstatement provisions contained in SCR 3.510 and 3.520 are inapplicable to him;

2)      The remaining KBA disciplinary files against Ritchie—21452, 21484, 21523, 21605, 21611, 21708, 21761, 21908, and 22332—are dismissed as moot;

---

[8] KBA files 21452, 21484, 21523, 21605, 21611, 21708, 21761, 21908, and 22332 are also pending against Ritchie.

4

3)     In accordance with SCR 3.450, Ritchie must pay all costs associated with these proceedings, that sum being $241.89, for which execution may issue from this Court upon finality of this Opinion and Order; and

4)     Under SCR 3.390, Ritchie must, within ten days from the date of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Ritchie must immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE

5